All right, Mr. Molson, we've lost your video. There we go. You may mute yourself if you're not speaking, but it'd be good to leave the video on so we know everybody's connected. Mr. Shenzie, the court appreciates your willingness to accept the appointment in this case under the Criminal Justice Act, and you may proceed with your argument. Thank you very much, Your Honor. May it please the court, Mr. Molson? Judge, my name again is Don Shenzie. I represent Jerell Haynie on this appeal. This was an extremely complex, fully litigated jury trial in the District of Nebraska. They really brought to the attention of the court and the participants what I would consider to be novel and complex issues of law. As this court knows by the record and the briefs supplied, this was a prosecution under RICO, and under the second superseding indictment, the U.S. attorney had indicated numerous overt acts that the jury could consider when determining some pattern of racketeering activity. To note, also, this was a four-count superseding indictment. Count two of that second superseding indictment was attempted murder. The jury found my client, Mr. Haynie, not guilty of that crime. Count three of the superseding indictment, second superseding indictment, was attempted assault with a dangerous weapon. The jury, too, found Mr. Haynie not guilty of that crime. Count three was a firearms and 924C prosecution. The jury, likewise, found Mr. Haynie not guilty of that offense. So what the jury did find Mr. Haynie guilty of was count one, the violation of RICO. Initially, when I filed my brief on Mr. Haynie, the record will indicate that I filed an address brief as it was. We're familiar with the history, if you want to get to the issues for argument. I'm sorry, judge. The issues are fourfold. I'd like to go to the instructions. First of all, it's the contention of Mr. Haynie that the instructions as applied to the jury in this case were flawed. The instructions as they relate to the charged crimes under instruction 15 through 18 had to deal with the elements of attempted murder and also the attempted assault with a dangerous weapon. Mr. Haynie, on pages 17 through 20 of the transcript prior to the selection of the jury, indicated to the court and made an objection as to the underlying overt acts that the government alleged Mr. Haynie had committed. Mr. Shantzi, does that mean we're under an abuse of discretion standard of review? I believe so, your honor. The government has suggested that we did not preserve the issue. I beg to differ. I think the issue was preserved when the court overruled the motion that I made on Mr. Haynie's behalf at the start of the trial prior to jury selection. The court overruled that objection, and we continued with the trial. I would suggest to the respectfully suggest to this court that once the verdict was announced, that it was obvious that under count two, the government had alleged certain violations of Nebraska law to support their version of the case. As it related to count three, however, the government did not allege that this was some sort of act of witness tampering. That comes into play simply because at the sentencing hearing, the government suggested to the court that the counts that Mr. Haynie was found not guilty of constituted acts of witness tampering. I filed a supplemental addendum on this issue outlining for the court Nebraska revised statute that deals with witness tampering. That's Nebraska revised statute 28-9-19. That's critical because in the other counts, the attempt statute of Nebraska, the murder statute of Nebraska on count two and under count three, the attempted statute of Nebraska, and second degree assault, the state statute, were alleged by the government, not the witness tampering, nor was the federal statute of witness tampering alleged by the government under count three. The instructions, though, I would submit to the court were flawed in that particularly as it relates to instruction number 35, there was a cross-reference to count three of the second superseding indictment. Clearly that was wrong. That was error for the court to give that instruction. The government might have, this court believed that that was harmless, that even if there was an error in the cross-reference of instruction number 35 as it relates to count three of the second superseding indictment, that should not matter. Well, it does matter because the jury certainly could have concluded from that flawed instruction, that instruction number 35, that the jury could conclude that they could consider that for purposes of conviction of Mr. Haney. As this court knows... Didn't the jury acquit on count three? Yes, sir. They acquitted on counts two through four. So does it make sense that the jury, to argue that the jury would have relied on counts that they acquitted as part of this argument? I think it does make... It is important and I would direct this court to paragraphs 14 and paragraphs 20 and 21 of the second superseding indictment under the overt act section of that indictment, because very clearly under paragraph 14 of the second superseding indictment, that alleged the incident regarding a Richard Johnson that the government suggested my client was involved in. Overt act paragraphs 20 and 21 included actions against Michael Liggins that the government relied upon as an overt act. Again, suggesting to the jury, of course, that they could consider that for purposes of a pattern of racketeering. So although the jury found Mr. Haney not guilty of the substantive charges of two, three, and four, nonetheless, they were still directed back to the overt act section of the second superseding indictment, which still consisted of the same instances as alleged through three through four. So it was clear, however, and I believe the law is clear, that the attempted assault with a dangerous weapon clearly does not fall under the criteria for finding a pattern of racketeering. That clearly was an error for the court to suggest that. So taken as a whole, I would simply say that the instructions were flawed and if this wasn't considered to be an abuse of discretion and perhaps the court might find that there was some sort of plain error analysis that would be more appropriate, because I suspect that the government may argue that certain objections weren't preserved or made during the instruction conferences. Nonetheless, it certainly could not be argued or referred to this court that Mr. Haney didn't suffer some prejudice. If there was error, I respectfully submit that it was plain and if there was error, I would submit to this court that it was prejudicial to Mr. Haney, clearly because of the incorrect cross reference from instruction 35-3, which also related back then again to paragraphs 14, 20, and 21 of the second superseding indictment under overt acts. For those purposes, the instructions were clearly flawed and I would ask the court to consider that argument. In terms of the guideline, I would like to touch on a couple of the other issues. I would like to reserve at least three minutes for rebuttal if I may. The guideline range issue that the court wanted this brief, it's interesting to note that at the time of sentencing, the government conceded that attempted assault with a dangerous weapon could not be included under a pattern of racketeering. They argued that throughout the course of the trial. They charged my client with it, but at sentencing hearing, it was conceded that that would not be considered a pattern of racketeering and the judge should not consider that. As this court knows, the district court found under paragraph 14, 20, and 21 that Mr. Haney was involved beyond a preponderance of the evidence in the incidents contained in those three paragraphs under overt acts and as such, then concluded that these were assaults and not attempted murder. That's reflected in the body of the transfer. It's also under the sentencing hearing and also found in the sentencing memo that was drafted by the court. My argument with the guidelines has always been and will continue to be that as this court knows, Mr. Haney has been incarcerated since 2013. The trial occurred in 2018. He was serving time on pending. The court also had difficulty with that simply because on a number of different occasions, the district court requested of the government and asked the government directly whether or not Mr. Haney was being prosecuted for drug offenses that he was already serving time on. So I would ask the court to consider under 2E1A1 of the United States sentencing guidelines that the guideline calculation was flawed by the district court and rather, as I suggested to the court at the time of sentencing, it should be an offense level 19. I think the government is conceding that if I read the brief correctly. They're just saying it's a harmless error. Do believe it is a harmless error, judge, because even assuming that it is error, of course, the guideline range was higher for that error, and the guideline range under the way I calculated that got 2E1 point or A1 was 57 to 71 months. That could have certainly had some significant some change in the district court's analysis of what might be an appropriate sentence. So the guideline. Go ahead. You may proceed. I know you said you wanted to save three minutes for rebuttal, so I was going to let you close if you wish, but however you want to handle your time is fine. No, I believe I'd like to save the time, judge. Thank you very much. Very well. Thank you for your argument. Mr. Molson, we'll hear from you. Yes, your honor, and may it please the court. The first issue I'd like to address is the issue with the jury instructions, and those jury instruction issues can be broken down into two separate issues. The first issue that I raised in the brief and that the court asked about is whether or not a pattern of racketeering activity can be found by attempts of certain state crimes. Now, within this context, we have to look at the standard of review. Typically, if it is preserved, this would be being reviewed on a de novo basis. In this case, there could be an argument that he preserved the issue with regards to the issue of whether or not attempts constitute state crimes. During the jury instruction conference, the defendant himself basically passed a note to his defense counsel and raised what appeared to be an argument that the indictment filled the state of claim because it included attempts of certain state actions as part of the pattern of racketeering activity. There was never a point, he never raised an objection to any specific instruction, and there was no, see, he never pointed to a specific instruction saying this instruction is wrong. That argument appeared to be basically a claim that the, an argument that the indictment failed to raise a claim. However, that did occur during the discussion of jury general review. The court could consider that argument to preserve that issue, but only as to the issue of whether or not an abusive, whether or not the attempts of state crimes fall within the definition of pattern of racketeering activity. Counsel, didn't the same objection raise the assault issue as well? No, there was, as I detailed in the brief, we went through all the jury instructions. At no point was there a discussion at any point during the jury instruction conference arguing that there was any reference at all to a felony assault as being part of the pattern of racketeering activity. What about the objection that was read into the record and then ruled upon by the court? I'm sorry, I don't, which objection are you referring to? Well, yeah, so that one that was read into by the, was raised by the defendant, dealt specifically with whether or not attempts of certain state crimes fall within the pattern of racketeering activity. So I think that relates to the first issue of the jury instructions. There was never, even within that part that was right into the record, was there a discussion about whether or not the instructions included within them a finding or the possibility of a that a felony assault might constitute a pattern of racketeering activity. In fact, there's a really good argument that the jury instructions as a whole don't mention that. There's one questionable cross-reference, but that's it. But if you look to the first issue of whether or not an attempt of a state crime falls within the definition of a pattern of racketeering activity, the definition is divided up into certain subdivisions, two of which, including subdivision A, have the preface or beginning language of whether or not certain acts, such as murder or drug dealing, a state offense involving murder or drug dealing, things of that nature. Another five subdivisions have the introductory language of whether or not something is indictable under, and it lists a variety of specific statutes. As a number of courts have included in this court, that introductory language is different. Whether or not a crime involves some similar act, such as murder or drug dealing, is rather broad. And as this case found in Darden, for example, a pattern of racketeering activity can be found based on an attempted murder of two victims in that case. The other jury instruction issue that comes up is whether or not the jury instructions allowed for a possibility of a finding of racketeering activity based upon a felony assault. And as I alluded to before, mentioned before, the rules require, in order for it to be preserved, a very specific objection under Rule 30. In this case, there was no objection, and so the only, so this court can only review it for plein air. Under the plein air standard, the argument fails for a couple of reasons. The first reason why it fails is because basically, essentially, there's no harm that was being done here. The jury, as the court has noted, as Mr. Shensey has noted, convicted him of the Rifa conspiracy as a whole, but acquitted him of Counts 2, 3, and 4, all of which dealt with the Michael Ligon shooting. And Count 3 was the allegation that there was a felony assault based on the Michael Ligon shooting. As the court noted, or kind of alluded to before here, the jury was unanimous in finding that he was not guilty of that offense. So it doesn't make sense to say that they, as they're instructed, they had to unanimously find that as to what the pattern of racketeering activity was, what types of acts formed that opinion. So it doesn't make sense to say that they were unanimous in their finding that he was not guilty of the Michael Ligon shooting, but then also unanimously find that that formed part of the basis of the racketeering activity. Can't juries make inconsistent verdicts are upheld? I seem to recall the government defending those in the past. What I'm arguing here for basically is that this is a consistent finding. So I think if we can... Well, it could have been. I'm saying it could have been consistent or it could have been inconsistent. Why the acquittal is dispositive because there's a potential for an inconsistent verdict. You may say it's unlikely because you think it's illogical, but it's not legally impossible. And I think in a case like this, where there's a reading of the instructions where it could be read consistently, I think we ought to do that. And in this case, he has to show harm. So it's his burden. And I don't think you can show harm when a consistent reading of the verdicts would strongly suggest that that wasn't part of the finding. The other issue, the other response idea basically is that the instructions do not clearly make that error in the first place. So you have a number of instructions which correctly define the pattern of racketeering activity and make no mention of felony assault. So you have instruction 12, defines the nature of the offense for count one and lists a pattern of racketeering activity which does not include felony assault. Instruction 13 includes the definition of what a pattern of racketeering activity is and doesn't mention felony assault. Then you have instructions 36 through 40, which are titled count one, RICO conspiracy, pattern of racketeering activity, and they include several crimes and definitions of those crimes and do not include felony assault. The only possible exception is instruction 35, where it makes, and only by a cross reference, mentions count three, which is a felony assault. And so that is basically when it's stated correctly several times and only by a cross reference might contain a plausible objection, even if that's not clear, because that act that he was doing on that day could also be witness tampering as the only proper motivation for the shooting was his belief that the victim was cooperating with police. Doesn't that put us in the position of being a fact finder in a case? I mean, no jury did not make a finding of witness tampering. Yeah, and they didn't make a finding of witness tampering, but I think also that could be what the argument I'm making basically is, is that instruction proper? And the cross reference could be proper. So if the instructions, basically instructions read as a whole, don't clearly show any sort of air by including any suggestion that assault by a confined person was necessarily part of the racketeering activity when on several occasions it correctly defines it, does not mention it. And the only mention of it is just by a cross reference. So if you read the whole, I think there's a good argument that that air simply wasn't even made in the first place. I understand the argument about reading them as a whole, but I'm not tracking why you say the cross reference was appropriate or not erroneous. It says such as the acts charged in counts two and three, and one of the acts charged, as I understand the acts charged in count three was assault. So why wouldn't that be incorrect? Because that act, it could be a felony assault, but it could also be witness tampering since the proper motivation for the shooting was his belief that the victim was cooperating with police. And that's why he was targeting him for the shooting. Was there a charge of witness tampering? There was, well, within count one, count three does not charge witness tampering. It does not. You're saying that when the jury instruction said such as the acts charged in count three, which charged an assault, the jury would have thought they mean witness tampering? So the instruction says such as the act, right? So the focus is on the act itself. And that act was a motivation basically of targeting somebody for a shooting because of belief that this person was cooperating with police. So the instruction talks about the act that occurred within count three. It says the acts charged in, as I understand it. Yes. So you're right. The charge itself does not charge witness tampering. I agree with that. But it talks about the acts that were charged. The acts of that day included, even though not charged, include within it witness tampering. So basically the argument I'm making is I think there's a if there's a good argument, then it doesn't amount to plain air. But then the other part problem you have here too is when the jury finds him not guilty of that offense unanimously, it doesn't make sense then to say that they would have unanimously considered that part of the pattern of racketeering activity. There's another reason why the court cannot find any harm resulted here. And that is the fact that there is overwhelming evidence of his guilt. Aside from that, you had a number of witnesses talk about his ongoing drug dealing, who engaged in drug dealing with him on a number of occasions. You had Frank Lovejoy and Steve Schlichting talk about that. They also performed control buys. You had an officer who stopped him and found him in possession of more than five grams of crack cocaine and five hundred dollars of U.S. currency. There was testimony about his conviction in state court. And you had Vernon talked about his reoccurring or constant drug dealing within the 40th territory. The defense conceded in closing that, yeah, he was involved in drug dealing. You also had evidence that he was connected with this gang. The cooperating witnesses strongly associated with the gang. There is no contrary evidence. And he had tattoos put on him. So as the Supreme Court found in Johnson, Mr. Haney does not have to personally commit a pattern of racketeering himself to be guilty. But I think the evidence is overwhelming that he did. His connection to the gang is well established. And I think when you have that type of evidence to find that there was plain air would not be appropriate since it basically there is no suggestion that there would be any sort of damage to the fairness, integrity or public reputation proceedings. In fact, I think as the Johnson court noted, in a case like this, it'd be the reversal of the conviction that would have that effect. Counsel, could you please address the sentencing guideline calculation error and whether that was harmless error or not? Yes. So in this case, Mr. Shency pointed out that we argued at sentencing. Mr. Shency is right. We did argue at sentencing and point out to the court in sentencing that felony assault does not fall within the definition of racketeering activity. We never conceded that at trial. But in this case, the judge made his finding under the guideline for a felony assault and applied that guideline range. That guideline range, because he used the felony assault, is inappropriate. That's not racketeering activity. So that falls outside the instructions. And this is based on the judge's finding that the two shootings did not amount to attempted murder, as the government suggests, rather just an assault. However, the court could still reach a similar guideline range, actually a higher guideline range, if it had considered those two shootings to be witness tampering, as both of them were motivated by Haney's belief that the victims were cooperating with police. Counsel, Mr. Shency says the properly calculated range is 55 to 71. So how do we know that the judge would have still given an 84-month sentence if that was the case? The, so had he not applied the felony assault guideline, which was, which was inappropriate, but rather found that those were witness tampering, that would be consistent with his finding that it wasn't, that it wasn't attempted murder, but was still violent conduct that he wanted to take into account. How do we know that? You're saying the court of appeals should imply a finding of witness tampering and, and act as though there were more levels? No, no. So what I'm saying is that the court here didn't want to, or found that that was not attempted murder, right? But it did believe that it happened, and it did believe that that conduct should be a factor at sentencing. So had they correctly applied the guideline range, that would have resulted in a higher guideline range. But the court made a finding that even if the guideline range was higher, it would still have sentenced him to seven years. But the problem, the problem with your argument is there's no finding that it did constitute witness tampering. Yes. And so you're asking us to do that. So what I'm saying is, had they correctly applied the guideline range, that would have been the outcome, right? So if you take his factual finding that it wasn't attempted murder, that sounds like an argument you need to make on remand. Yeah. And so, well, so basically, what I'm saying here is the, the guideline range wasn't back there, that we acknowledge that a proper guideline range would be higher, or it would be different, basically. But the district court said, it doesn't matter. Seven years was the sentence that he believed was appropriate. The district court didn't say it wouldn't go lower if the guideline range was lower. Yeah, that is true. There's no, he also didn't say he would go up if the guideline range were lower. You're, you're assuming step two, that he would have found a higher range under witness tampering, but there's no finding by the judge about that. No. And so what I'm saying is, you would have argued if you'd, if you'd done the, if you would have argued that if you hadn't overlooked this problem that we pointed out. Yeah. So our argument was that attempted murder, the judge disagreed. But if you make a factual, I mean, so basically, what I'm saying is, if you apply the correct guideline range, consistent with his factual findings that this wasn't attempted murder, you reach a higher guideline range. There's no, there's no way for a lower guideline range to be found that I'm aware of. It consistent with this finding that these acts occurred. And the judge specifically stated that he would not impose a higher, a higher sentence if the guideline range were higher. So that's our argument as to why a harmless error occurred. All right. Very well. Thank you for your argument. Thank you. Mr. Shenzie, we'll hear from you in rebuttal. You'll have to turn on your microphone for us to hear you. I'm sorry. Yeah. Thank you. I might say that on behalf of Mr. Haney, which I know he has written a lot of correspondence to this court, it's troubling that the government would seek a prosecution under RICO for racketeering activity. They clearly now concede was not racketeering activity, felony assault. I think Mr. Molson said that a couple of times during his oral argument. And I might say also that it's somewhat troubling that that was only conceded by the government at the time of sentencing. How could there not be harm to Mr. Haney in that regard, that the government brings a RICO prosecution against him, alleging acts that clearly do not fall under the federal statute of RICO and then clearly fall under activities of racketeering that don't apply? That's troubling for Mr. Haney. I might say that this issue regarding that the court brought up with Mr. Molson about inconsistent verdicts is also troubling in that the jury could conclude that under counts three through four, the government did not provide proof beyond a reasonable doubt to convict Mr. Haney. However, yet could consider, arguably, the overt acts contained in paragraphs 14, 20, and 21 that I've already mentioned to this court to convict Mr. Haney of count one. Now, as this court knows, Mr. Haney has been in jail since 2013. He went to prison in May of 14, and the last overt act was in January of 15. Clearly, that falls outside the scope of the racketeering activities. I might just conclude by saying this witness tampering, there's no evidence of witness tampering. The state statute was not affixed to either any of the counts under two, three, or four of the second superseding indictment. There can be no finding that there was witness tampering because this was not witness tampering. That argument was only advanced by the government at sentencing because they had lost on the substantive counts contained in two, three, and four of the second superseding indictment. They needed to re-evaluate what direction they wanted to go, so they argued that it was witness tampering, but there is no finding of witness tampering. And as alleged in the count one of the second superseding indictment, I don't know that the district court nor this court respectfully could find any sort of witness tampering by Mr. Haney, given the out during the course of the trial. I'm sorry I went over time. Very well. Thank you for your argument. The case is submitted and the court will file an opinion in due course.